UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PETER C. MOORE,** ) | Case No.  1:10 CV 683 |
| ) | |
| Plaintiff, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **UNITED STATES POSTAL SERVICE,** ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Motion of the U.S. Postal Inspection Service ("USPIS") to Dismiss Complaint of Peter C. Moore ("Motion"). (Doc #: 11.) For the following reason, the Motion is **GRANTED** and the case is dismissed.

**I.**

On December 17, 2009, Defendant USPIS executed a search warrant upon, and seized, an Express Mail parcel containing $2900 in cash addressed to Gilbert Hendrix, 13012 South Main Street, Los Angeles, California with a return address of K. Blevins, 18069 Fairville Ave., Cleveland, Ohio. (Doc #: 11 ¶ 1.) On February 5, 2010, the USPIS sent written notice of the seizure and intent to forfeit by certified mail to Mr. Hendrix and Ms. Blevins. (Id. ¶ 2.) The USPIS also published the requisite notice of administrative forfeiture in The Wall Street Journal once a week for three weeks. (Id. ¶ 3.) The mailed and published notices outlined the procedure for filing a claim with the USPIS in order to contest the forfeiture action in U.S. District Court.

(Id. ¶ 4.) The notices also explained the option of filing a petition for remission or mitigation of the forfeiture with the USPIS. (Id.)

On March 5, 2010, the USPIS received a letter dated March 3, 2010 from *Pro Se* Plaintiff Peter C. Moore addressed to the Criminal Investigation Division. (Doc #: 11 ¶ 5.) The letter referenced the USPIS seizure number 056-10-005. (Id.) It is the USPIS' position that Moore's letter confirmed that he had actual notice of the pending administrative forfeiture proceeding. (Id. ¶ 7.) Moore's letter did not indicate whether he was seeking to contest the forfeiture of the seized property in district court by filing a claim with the USPIS, or whether he was seeking a "pardon" of the property by submitting a petition for remission or mitigation of the forfeiture to the USPIS. (Id. ¶ 8.)

On March 9, 2010, the USPIS sent a letter to Moore (via certified and first-class mail) requesting clarification, stating that it could not decipher whether Moore's letter was a claim, a petition, or both. (Doc #: 11 ¶ 9.) The USPIS directed Moore to either (1) submit a new letter entitled "Petition for Remission or Mitigation" restating the circumstances he believed justified a return of the seized property, or (2) submit a new letter to the USPIS entitled "Claim for Seized Property" if he preferred to directly contest the forfeiture in federal court. (Id. ¶ 10.) The letter stated that, if he did not respond in writing within 20 days, his initial response would be treated solely as a petition for remission or mitigation. (Id.)

On April 1, 2010, Moore, representing himself, filed a Claim for Seized Property in this district court and not the USPIS. (Doc #: 1.) Moore alleges that, on or about December 14, 2009, he prepared a package containing a single magazine with $2900 in cash spaced out between magazine pages with carbon paper above and below the bills. (Id. at 1-2.) He then

-2-

taped the magazine shut to hold the money in place. (Id. at 2.) He intended the package to go to A.Z. Bus Sales, Inc. in Cotton, California for the purchase of a Blue Bird bus. (Id. at 3.) Moore states that he needed the bus for his startup company, Cleveland Transportation Services, which transports people to visit family members in jail or moves A.A. members or church groups. (Id.) However, the package was actually mailed by his then-secretary Krickette Blevins whom he later "let go because of her continued mental deterioration causing lack of concentration . . .." (Id. at 5.) The tracking number on his package is the same as the tracking number on the parcel seized by the USPIS. (Id. at 4.) Moore asserts that the money belongs to him, and seeks its return.

On April 29, 2010, the USPIS sent another letter to Moore stating that, since he had failed to timely respond to the USPIS March 5th letter, his March 3rd letter would be treated as a petition for remission or mitigation which was referred to the Pittsburgh Division, Cleveland Field Office for review and investigation. (Doc #: 11 ¶ 12.) Moore did not respond to this letter. (Id. ¶ 13.) On September 17, 2010, the USPIS issued a Declaration of Administrative Forfeiture, which has the force and effect of a court order transferring title to the property from the property owner to the United States. (Id.)

On September 27, 2010, the USPIS sent a letter to Moore informing him that his petition for remission or mitigation was denied, and advising that he had ten days from receipt of the letter to request that the USPIS reconsider denial of the petition. (Doc #: 11 ¶ 15.) By letter dated October 6, 2010, Moore requested reconsideration of the ruling. (Id. ¶ 16.) The USPIS asserts that Moore's request for reconsideration is presently pending. (Id.)

On October 21, 2010, the USPIS filed the pending Motion seeking dismissal of this case. (Doc #: 11.) The USPIS argues that 18 U.S.C. § 983(e) is the exclusive remedy for setting aside a declaration of forfeiture under the civil forfeiture statute, and Moore's complaint does not set forth a ground for recovery under that statute. Furthermore, to prevail on the merits of a § 983(e) challenge, the plaintiff must show a violation of due process, and that he did not know or have reason to know about the seizure within sufficient time to file a timely claim in the administrative forfeiture proceeding. 18 U.S.C. § 983(e)(1). Since Moore cannot show a due process, and he obviously knew about the seizure within sufficient time to file a timely administrative claim, the case must be dismissed.

**II.**

Under Local Rule 7.1(d), "[u]nless otherwise order by the Judicial Officer, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion . . ." Three days are added to this 30-day period if the party opposing a motion was served by mail. Id. (citing Fed. R. Civ. P. 5(b)(2)(C)). In the Certificate of Service attached to the Motion, Assistant U.S. Attorney James L. Morford certifies that he sent a copy of the Motion to Moore's residence by overnight mail on October 21, 2010. (Doc #: 11 at 12.) This means that the last day for Moore to file an opposition brief to the USPIS' Motion was November 23, 2010. It is now December 10, 2010, and Moore has neither filed an opposition brief nor requested an extension of time to file one.

The Court has reviewed the Motion which properly sets forth the procedures for challenging administrative forfeiture proceedings. Although Moore may have inadvertently filed the Claim for Seized Property in federal court and not the USPIS, the Court will construe his

failure to file a timely opposition brief challenging the USPIS' Motion as his concession that he failed to comply with the § 983(e) procedures. Accordingly, the Court hereby **GRANTS** the Motion as unopposed.

**IT IS SO ORDERED.**

                                           */s/ Dan A. Polster     December 10, 2010*
                                           **Dan Aaron Polster**
                                           **United States District Judge**